

October 24, 2014

**Via ECF and Fax to 212.805.7986**

The Hon. Paul G. Gardephe
United States District Judge
United States District Court,
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, NY 10007

    Re:    ***7 West 57th Street Realty Company, LLC v. Citigroup, Inc., et al.***
             **USDC SDNY Case No. 13-CV-0981 (PGG)**

Dear Judge Gardephe:

The Court has received a letter from counsel for Defendant Credit Suisse, requesting leave to move to dismiss for lack of personal jurisdiction on the basis of developments in the law that have occurred since their original motion to dismiss was filed. (Doc. 133). Plaintiffs oppose this request.

Defendant Credit Suisse states that *Daimler* and *Walden* provide "support for arguments for dismissal that were unavailable to Defendants at the time of the original briefing." This is incorrect, because the cases referenced in defense counsel's letter are simply not on point. *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) and *Gucci America, Inc. v. Weixing Li*, 2014 WL 4629049, 2014 U.S. App. LEXIS 17948 (2d Cir. Sept. 17, 2014) concern *general* personal jurisdiction.

General personal jurisdiction is irrelevant here because, as the Fist Amended Complaint makes clear, there is specific jurisdiction. Plaintiffs allege that this case arises out of and relates to Defendants' contacts with the United States and this District. *Walden*, while about specific jurisdiction, arose when a Georgia police officer seized cash from Nevada residents while they were in Georgia, and those residents attempted to sue the officer when they returned to Nevada. *Walden* is nothing like this case, and briefing based on *Walden* will be a waste of the Court's and litigants' resources.  In addition to discussing general personal jurisdiction, *Gucci* simply holds that a party has not waived objections or defenses that were not known to be available at the time they could first have been made.

Moreover, *Daimler* and *Walden* were decided in January and February, respectively; and the asserted defenses related to those cases (if they applied) could have been made previously.

A claim of lack of jurisdiction by Credit Suisse, Barclays, or Deutsche Bank is not only inconsistent with the pleadings in this case and their judicial admissions in other LIBOR-related cases and other

The Hon. Paul G. Gardephe
United States District Judge
Case No. 13-CV-0981 (PGG)
October 24, 2014
Page 2


criminal and regulatory matters, but such a motion will also necessitate costly and lengthy delays while jurisdictional discovery takes place. Even if allowed, the motion would apply to only a limited number of defendants.


Respectfully submitted,


THE MOGIN LAW FIRM, P.C.

Daniel J. Mogin


cc: Counsel of Record (by ECF)