UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 7 WEST 57TH STREET REALTY COMPANY, LLC,<br><br>      Plaintiff,<br><br>      - against -<br><br>CITIGROUP, INC., CITIBANK, N.A., BANK OF AMERICA CORP., BANK OF AMERICA N.A., BARCLAYS BANK PLC, UBS AG, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, CREDIT SUISSE GROUP AG, BANK OF TOKYO-MITSUBISHI UFJ LTD., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, HBOS PLC, LLOYDS BANKING GROUP PLC, ROYAL BANK OF CANADA, THE NORINCHUKIN BANK, ROYAL BANK OF SCOTLAND GROUP, PLC, WESTLB AG, WESTDEUTSCHE IMMOBILIENBANK AG, and DEUTSCHE BANK AG,<br><br>      Defendants. | Case No. 1:13-cv-0981 |


**JOINT REPLY MEMORANDUM OF LAW IN SUPPORT
OF FOREIGN BANK DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | THE FOREIGN BANKS HAVE NOT CONSENTED TO PERSONAL JURISDICTION IN NEW YORK. | 2 |
| II. | SOLOW FAILS TO DEMONSTRATE PERSONAL JURISDICTION. | 5 |
| | A. Solow Conflates the Tests for General and Specific Jurisdiction. | 5 |
| | B. Solow Does Not Sufficiently Allege a Conspiracy as a Basis to Confer Specific Jurisdiction Over the Foreign Banks. | 7 |
| | C. The Exercise of Personal Jurisdiction Would Be Unreasonable. | 9 |
| III. | THE FOREIGN BANKS HAVE NOT WAIVED THEIR JURISDICTIONAL OBJECTION. | 9 |
| IV. | JURISDICTIONAL DISCOVERY IS INAPPROPRIATE. | 10 |
| CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

Page(s)

### CASES

*Asahi Metal Industry Co.* v. *Superior Court of California*,
    480 U.S. 102 (1987) ................................................................................................................9

*Bagdon* v. *Philadelphia & Reading Coal & Iron Co.*,
    217 N.Y. 432 (1916) ................................................................................................................3

*Clopay Plastic Products Co.* v. *Excelsior Packaging Group, Inc.*,
    2014 WL 4473352 (S.D.N.Y. Sept. 11, 2014) ....................................................................... 7n

*Daimler AG* v. *Bauman*,
    134 S. Ct. 746 (2014) ......................................................................................................*passim*

*Eskofot A/S* v. *E.I. Du Pont De Nemours & Co.*,
    872 F. Supp. 81 (S.D.N.Y. 1995), and Fed. R. Civ. ............................................................... 6n

*Galope* v. *Deutsche Bank National Trust Co.*,
    12-cv-323, Dkt. No. 189 (C.D.Cal. Nov. 14, 2014) .................................................................7

*Gilmore* v. *Palestinian Interim Self-Government Authority*,
    8 F. Supp. 3d 9 (D.D.C. 2014) ........................................................................................... 9-10

*Glikad* v. *Bank Hapoalim B.M.*,
    2014 N.Y. Misc. LEXIS 3600 (Sup. Ct., N.Y. Cnty. Aug. 4, 2014) ........................................3

*Goodyear Dunlop Tires Operations, S.A.* v. *Brown*,
    131 S. Ct. 2846 (2011) .............................................................................................................5

*Gucci America, Inc.* v. *Weixing Li*,
    768 F.3d 122 (2d Cir. 2014) ................................................................................ 2, 9-10, 10n

*International Shoe* v. *Washington*,
    326 U.S. 310 (1945) .............................................................................................................. 6n

*Laydon* v. *Mizuho Bank, Ltd., et al.*,
    12-cv-3419, Dkt. No. 409 (S.D.N.Y. Nov. 12, 2014) .......................................................... 10n

*Licci ex rel. Licci* v. *Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013) ....................................................................................................6

*Mills 2011 LLC* v. *Synovus Bank*,
    921 F. Supp. 2d 219 (S.D.N.Y. 2013) ...................................................................................10

*O'Brien* v. *National Property Analysts Partners*,
   719 F. Supp. 222 (S.D.N.Y. 1989) ...................................................................8

*Perkins* v. *Benguet Consolidated Mining Co.*,
   72 S. Ct. 413 (1952) ..................................................................................6n

*Porina* v. *Marward Shipping Co.*,
   521 F.3d 122 (2d Cir. 2008) ......................................................................6n

*Rockefeller University* v. *Ligand Pharmaceuticals Inc.*,
   581 F. Supp. 2d 461 (S.D.N.Y. 2008) .....................................................3, 4n

*In re Satyam Computer Services Ltd. Securities Litigation*,
   915 F. Supp. 2d 450 (S.D.N.Y. 2013) ..........................................................9

*Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co.* v. *Navimpex Centrala Navala*,
   989 F.2d 572 (2d Cir. 1993) ......................................................................5n

*Sonera Holding B.V.* v. *Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir.) .............................................................................5, 7n

*STX Panocean (UK) Co.* v. *Glory Wealth Shipping Pte Ltd.*,
   560 F.3d 127 (2d Cir. 2009) ...................................................................3, 4n

*Tarsavage* v. *Citic Trust Co.*,
   3 F. Supp. 3d 137 (S.D.N.Y. 2014) ..........................................................8, 8n

*Walden* v. *Fiore*,
   134 S. Ct. 1115 (2014) ........................................................................ *passim*

*Wilder* v. *News Corp.*,
   2014 WL 1315960 (S.D.N.Y. Mar. 31, 2014) ..............................................9

### RULES & STATUTES

Federal Rule of Procedure 4(k)(2) ...........................................................................6n

Federal Rule of Procedure 12(b)(2) ..........................................................................11

N.Y. Banking Law § 200 (1938) ................................................................................2

N.Y. Banking Law § 200 (1951) ................................................................................2

N.Y. Banking Law § 200 (2006) .............................................................................3-4

N.Y. Banking Law § 200 (2012) .............................................................................1-4

N.Y. Bus. Corp. Law § 1304 .....................................................................................4n

-iv-

## **OTHER AUTHORITY**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (3d ed. 2002) ..........6n

The Foreign Bank Defendants[1] respectfully submit this joint reply memorandum of law in further support of their motion to dismiss for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

This suit involves the alleged manipulation of USD LIBOR, a benchmark that was at all relevant times administered in London by a foreign banking association in the United Kingdom. That is, the alleged wrongful acts occurred outside of the United States. The Foreign Banks moving to dismiss this action for lack of personal jurisdiction each have their place of incorporation and principal place of business outside of the United States. Yet Plaintiff 7 West 57th Street Realty Company ("Solow") sued the Foreign Banks here in the Southern District of New York. Because Solow fails to meet his burden to show the exercise of general or specific personal jurisdiction over the Foreign Banks comports with due process, the Amended Complaint should be dismissed.

The Foreign Banks make four main points on reply. *First*, those Foreign Banks that registered with the New York Department of Financial Services ("NYDFS")—a smaller group than Solow identifies in his opposition—have not consented to personal jurisdiction because New York Banking Law § 200 provides consent to specific jurisdiction only for actions *arising out of* transactions with a Foreign Bank's New York agency or branch—not general, all-purpose jurisdiction, as Solow suggests. *Second*, Solow fails to demonstrate specific jurisdiction because he does not (and cannot) point to any allegations of the Amended Complaint demonstrating that the Foreign Banks engaged in suit-related conduct in New York or the United States. The only suit-related connection to New York referenced by Solow—the New York effects of the manipulation of USD LIBOR—is plainly insufficient under the Supreme Court's holding in

---

[1] The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank PLC, Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc, Lloyds Banking Group plc, HBOS plc, The Norinchukin Bank, The Royal Bank of Canada, The Royal Bank of Scotland Group plc, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A, Portigon AG (f/k/a WestLB AG), and Westdeutsche ImmobilienBank AG (the "Foreign Banks"). UBS AG, which is addressed in plaintiff's brief, did not join this motion.

*Walden* v. *Fiore*. *Third*, because the Foreign Banks are not subject to general jurisdiction and engaged in no suit-related conduct in New York, subjecting them to personal jurisdiction and suit in New York would be unreasonable. *Fourth*, the Foreign Banks have not waived their personal jurisdiction defenses because, as the Second Circuit explained in *Gucci America, Inc.* v. *Weixing Li*, they would have been subject to general jurisdiction in New York prior to the Supreme Court's decision in *Daimler AG* v. *Bauman*.

## I. THE FOREIGN BANKS HAVE NOT CONSENTED TO PERSONAL JURISDICTION IN NEW YORK.

There is no merit to Solow's argument that the Foreign Banks consented to personal jurisdiction by registering with the NYDFS. *See* Opp. Br. 4-10. Under New York Banking Law § 200, registration with the NYDFS is not consent to general all-purpose jurisdiction. Rather, it is a limited consent to specific personal jurisdiction and is inapplicable here.

Section 200 requires banks operating in New York to "appoint[] the superintendent and his or her successors its true and lawful attorney, upon whom all process in any action or proceeding against it on a cause of action *arising out of a transaction with its New York agency or agencies or branch or branches*, may be served with the same force and effect as if it were a domestic corporation and had been lawfully served with process within the state." *Id.* § 200(3) (emphasis added). That is, section 200 is expressly limited to those suits "arising out of a transaction" with the Foreign Bank's New York agency or branch.

This limitation is further buttressed by the statute's historical evolution. The 1938 version of Banking Law § 200(3) provided *unlimited* consent for service of process in "any action or proceeding" brought by a resident of New York. *See* N.Y. Banking Law § 200(3) (1938). The scope of the consent was limited in 1951, when the Legislature amended that service of process provision to limit it to "cause[s] of action arising out of a transaction with its New York agency or agencies." *See* N.Y. Banking Law § 200(3) (1951). Subsequently, in the 2006 amendment to the Banking Law, the Legislature clarified that this limitation operates to the foreign bank's New York "branch or branches" as well. N.Y. Banking Law § 200(3) (2006).

The case law further supports this interpretation. The only case directly addressing the impact of § 200 on personal jurisdiction, *Glikad* v. *Bank Hapoalim B.M.*, holds that § 200 "provid[es] for the exercise of specific jurisdiction, not general." 2014 N.Y. Misc. LEXIS 3600, at *7 (Sup. Ct., N.Y. Cnty. Aug. 4, 2014). Solow attempts to distinguish *Glikad* by arguing that the plaintiff there misinterpreted "what constituted general versus specific jurisdiction," but never explains what the plaintiff (much less the court) misinterpreted. Opp. Br. 6 n.4. The *Glikad* court reviewed *Daimler* and held that the defendant was not subject to general jurisdiction, despite the plaintiff's argument to the contrary, because its principal place of business and place of incorporation were in Israel. 2014 N.Y. Misc. LEXIS 3600, at *6-*7. Applying *Daimler*, the court noted that "while [the bank's] New York branch may in fact be the center of its operations in the United States, this says nothing with respect to an elevated level of continuous and systematic activity" sufficient to confer general jurisdiction. *Id.* at *6. That is precisely the correct interpretation of *Daimler*. With that understanding, the *Glikad* court then examined § 200 and determined it did not provide consent to general jurisdiction, *id.* at *6-*7, again, the correct conclusion. It appears that Solow, not *Glikad*, misinterprets the distinction between general and specific jurisdiction. Here Solow has not alleged suit-related contacts in New York, nor has he alleged a cause of action arising out of a transaction with any Foreign Bank's New York branch or agency, as required to obtain personal jurisdiction under § 200.

Rather than address the text of § 200, Solow instead cites *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.*, 217 N.Y. 432 (1916), *Rockefeller University* v. *Ligand Pharmaceuticals Inc.*, 581 F. Supp. 2d 461 (S.D.N.Y. 2008), and *STX Panocean (UK) Co.* v. *Glory Wealth Shipping Pte Ltd.*, 560 F.3d 127 (2d Cir. 2009), in support of his personal jurisdiction argument. Opp. Br. 4-6.[2] But none of those cases addresses § 200. This Court can

---

[2] *STX Panocean*, 560 F.3d at 131, and *Rockefeller*, 581 F. Supp. 2d at 465, addressed N.Y. Bus. Corp. Law § 1304. Solow does not claim that this statute applies here.

easily reject Solow's argument based on the plain language of § 200. Registration with the NYDFS is not consent to general, all-purpose jurisdiction.

In any event, it is plain—even based upon Solow's own submissions—that the following Foreign Banks are not registered with NYDFS: Credit Suisse Group AG[3], HSBC Bank PLC, HSBC Holdings PLC[4], Lloyds Banking Group plc[5], HBOS PLC[6], the Royal Bank of Scotland Group plc[7], and the Royal Bank of Canada.[8] Thus, Solow's consent argument does not apply to these Foreign Banks.

---

[3] Credit Suisse Group AG's subsidiary, Credit Suisse AG—which is not a defendant—is registered with the NYDFS as a Foreign Branch. Abshear Decl. Ex. 5. Credit Suisse Group AG—the defendant in this case—is not. *Id*.

[4] Solow claims that "HSBC is licensed by NYDFS," Opp. Br. 7, but he provides no exhibit demonstrating that any HSBC entity is so licensed. Instead, Solow attaches a 2011 Department of Justice document announcing that HSBC Bank USA, N.A., which is not a defendant in this action, was to divest and sell certain branch offices, one of which was located in Williamsville, NY. Solow provides no explanation as to how that document supports the statement that either of the two foreign HSBC entities that are named in this action, HSBC Holdings plc or HSBC Bank plc, is licensed by NYDFS—and it does not. Abshear Decl. Ex. 6.

[5] Lloyds Banking Group plc's subsidiary, Lloyds Bank plc—which is not a defendant—is registered as a Foreign Branch. Abshear Decl. Ex. 8. Lloyds Banking Group plc—the defendant in this case—is not. *Id*.

[6] The 2003 document submitted by Solow (Abshear Decl. Ex. 7) supposedly demonstrating that HBOS plc has consented to the jurisdiction of federal courts in New York makes clear that the consent was only for the "purposes of any and all claims made by, proceedings initiated by, or obligations to, the United States, the Office of the Comptroller and any other United States government agency, department or division." The exhibit thus does not apply in this case.

[7] Defendant The Royal Bank of Scotland Group plc's non-defendant subsidiary, The Royal Bank of Scotland plc, is registered as a Foreign Representative Office. Abshear Decl. Ex. 1. The Royal Bank of Scotland Group plc is not. Solow's allegation concerning admissions by "RBS" (Opp. Br. 9; FAC ¶ 71) also refers to non-defendant The Royal Bank of Scotland plc. *See* DPA at p.1, *available at* http://www.justice.gov/iso/opa/resources/28201326133127414481.pdf.

[8] Solow admits that the Royal Bank of Canada is not registered with the NYDFS but adds that the Royal Bank of Canada is registered with the Federal Reserve and has offices in New York. Opp. Br. at 3 n.2. Solow fails to explain how these facts demonstrate that the Royal Bank of Canada has consented to personal jurisdiction in New York. Nor could he.

## II. SOLOW FAILS TO DEMONSTRATE PERSONAL JURISDICTION.

### A. Solow Conflates the Tests for General and Specific Jurisdiction.

Solow's opposition brief does not once address the Foreign Bank's general jurisdiction arguments, and Solow conceded in his pre-motion letter that the Foreign Banks are not subject to general jurisdiction. *See* Opp. Br. 10-14; 10/24/14 Letter from Daniel J. Mogin, Dkt. No. 134. Yet Solow consistently conflates arguments supporting general jurisdiction and specific jurisdiction, mixing and matching tests when convenient. The difference between the tests is significant. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121 (citation and internal quotations omitted). Meanwhile, "[a] court with general jurisdiction over a corporation may adjudicate *all* claims against that corporation—even those entirely unrelated to the defendant's contacts with the state." *Sonera Holding B.V.* v. *Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir.), *cert denied*, 134 S. Ct. 2888 (2014). As the Supreme Court explained in *Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 131 S. Ct. 2846, 2851 (2011), "[i]n contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction'" (citation omitted).[9]

Failing to appreciate this distinction, Solow argues the Foreign Banks are subject to specific jurisdiction because the Foreign Banks (to cite a few examples) "regularly maintain trading operations in New York," Opp. Br. 11, "have offices within the United States wherein they transacted business," *id.*, "engaged in acts in the United States on a continuous and systematic basis," *id.*, "regularly operate[] and transact[] business in New York." *Id.* at 12. But none of these allegations ties the Foreign Banks' alleged suit-related conduct—i.e., the alleged

---

[9] Solow misstates his burden to establish specific personal jurisdiction, arguing that a "*prima facie* showing [of personal jurisdiction] is sufficient notwithstanding the contrary presentation by the moving party." Opp. Br. at 3-4 (citing *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co.* v. *Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)). However, *Seetransport* hold that allegations must be taken as true only "to the extent they are uncontroverted by the defendant's affidavits." *Id.* at 580. Solow fails both to satisfy his *prima facie* burden and to provide a basis to challenge the Foreign Banks' affidavits.

manipulation of USD LIBOR—to New York or the United States. They are instead arguments about the Foreign Banks' contacts with New York and the United States in general. Indeed, these types of allegations are hornbook pre-*Daimler* general jurisdiction allegations,[10] and are insufficient to satisfy the specific jurisdiction inquiry. None of these allegations establishes (as they must to obtain specific jurisdiction) that "defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Id.*[11]

To the extent Solow refers to alleged USD LIBOR manipulation (*see* Opp. Br. 13), he does not allege that his claims "'arise[] out of, or relate[] to, the defendant's contacts with the forum.'" *Licci ex rel. Licci* v. *Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013) (citation omitted); *see Walden*, 134 S. Ct. at 1121 ("[T]he defendant's suit-related conduct must create a substantial connection with the forum State."). Solow's failure to establish a causal nexus between the alleged artificial inflation of USD LIBOR over limited time period and the Foreign Banks' contacts with the United States and New York is fatal to his personal jurisdiction argument.

Finally, Solow argues that specific jurisdiction exists because "the act of submitting LIBOR rates *to an entity outside the United States* still subjects [the Foreign Banks] to personal jurisdiction in this Court as the act had significant *effects* in the U.S." (Opp. Br. 13) (emphasis added). But emphasis on the location of plaintiff's harm or effects on him are precisely the types

---

[10] *See, e.g.*, 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.5 (3d ed. 2002) (describing the contemporary doctrine of general jurisdiction pre-*Daimler*, and explaining that a finding of "continuous and systematic" contacts with the forum was sufficient to establish general jurisdiction under the rulings of *International Shoe* v. *Washington*, 326 U.S. 310 (1945) and *Perkins* v. *Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952)).

[11] Solow's reliance on *Eskofot A/S* v. *E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81 (S.D.N.Y. 1995), and Fed. R. Civ. P. 4(k)(2) is misplaced. *Eskofot*'s analysis has been superseded by subsequent controlling Supreme Court and Second Circuit decisions. As explained in the Moving Brief (at 14-15), a national contacts approach does not withstand scrutiny following *Daimler*, *Walden*, and *Porina* v. *Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008). Solow has not established that Rule 4(k)(2) is applicable, nor has he shown that the Foreign Banks have sufficient contacts with the United States to satisfy due process.

of proof that *Walden* held to be irrelevant to the specific jurisdiction analysis. 134 S. Ct. at 1125 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").[12] For this very reason, the Central District of California recently dismissed claims of USD LIBOR manipulation against Deutsche Bank AG (a moving defendant here) for lack of personal jurisdiction. *See Galope* v. *Deutsche Bank National Trust Co.*, 12-cv-323, Dkt. No. 189, at *7 (C.D. Cal. Nov. 14, 2014). Solow fails to demonstrate sufficient suit-related contacts with the United States or New York to permit the exercise of jurisdiction over the Foreign Banks.[13]

## B. Solow Does Not Sufficiently Allege a Conspiracy as a Basis to Confer Specific Jurisdiction Over the Foreign Banks.

Following *Walden*, the widely criticized theory of personal jurisdiction based upon conspiracy no longer passes due process scrutiny. 134 S. Ct. at 1122 (personal jurisdiction must be based upon "contacts that the 'defendant *himself*' creates with the forum State") (citation omitted); *see also* Moving Br. 9. Thus, Solow's reliance on this theory as a basis to exercise specific jurisdiction over the Foreign Banks is misplaced and fails as a matter of law. Solow's opposition fails to respond to this argument and merely assumes that conspiracy allegations are sufficient to satisfy due process post-*Walden*.

---

[12] Solow's attempt to distinguish *Walden*'s holding as confined to its particular facts misses the point. *See* Opp. Br. 12–13. The holding of *Walden* is clearly not confined to the facts of the case. *See, e.g.*, *Clopay Plastic Products Co.* v. *Excelsior Packaging Group, Inc.*, 2014 WL 4473352, at *5 (S.D.N.Y. Sept. 11, 2014) (citing *Walden*). *Walden* articulated that to establish specific personal jurisdiction over a defendant, (i) "the defendant's suit-related conduct must create a substantial connection with the forum State," 134 S. Ct. at 1121, (ii) "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State," *id*. at 1122 (emphasis in original) (citation omitted), and (iii) the contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there," *id*. This holding applies to any court undertaking a personal jurisdiction due process analysis.

[13] Solow argues that personal jurisdiction is proper under New York's long-arm statute. Opp. Br. 17. That argument is irrelevant because the exercise of personal jurisdiction would not comport with constitutional due process guarantees. *Sonera*, 750 F.3d at 225.

But even if this theory remained viable, Solow does not plead the elements of conspiracy. Solow does not once refer to or cite the Amended Complaint in this section of the Opposition Brief; he relies solely upon statements made in his prior opposition brief to a different motion to dismiss. Opp. Br. at 16. Assertions made in an opposition brief (especially prior briefs) cannot supplement or substitute for the allegations of the Amended Complaint. *O'Brien* v. *National Property Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).

Solow's failure to cite the Amended Complaint is telling. A review of the Amended Complaint reveals only scant, conclusory conspiracy allegations; it alleges vaguely that each defendant is liable for the acts of co-defendants and for acts committed by unknown and unnamed persons or that defendants and co-conspirators entered into and engaged in a conspiracy. *See, e.g.*, AC ¶¶ 33; 175. These types of conclusory allegations are insufficient and need not be credited by the Court. *Tarsavage* v. *Citic Trust Co.*, 3 F. Supp. 3d 137, 143 (S.D.N.Y. 2014) (conclusory conspiracy allegations insufficient).[14] Solow's conspiracy jurisdiction argument fails because he does not (and cannot) identify any factual, non-conclusory allegations of the Amended Complaint demonstrating a conspiracy.[15]

Nor has Solow pleaded that the alleged conspiracy took place or was based upon contacts in New York or the United States. Solow argues, again without citation to the Amended Complaint, that defendant Citibank "committed actionable conduct in New York by wrongfully seizing and selling Mr. Solow's municipal bond portfolio." Opp. Br. 16. But Solow does nothing to attempt to connect Citibank's alleged seizing of his municipal bond portfolio with the

---

[14] *Tarsavage* offers Solow no support. *See* Opp. Br. 16. *Tarsavage* held, for personal jurisdiction purposes, that a plaintiff had failed to plead conspiracy sufficiently because he alleged only conclusory statements of a conspiracy, 3 F. Supp. 3d at 147, and contrasted those allegations with others that do sufficiently allege a conspiracy, e.g., factual allegations of "letters and meetings that the defendant acted in New York for the benefit of two other defendants with their knowledge and consent and under their control," *id.* at 148. It is those types of factual allegations that are missing from Solow's Amended Complaint.

[15] S*ee also* Mem. of Law in Support of Motion to Dismiss, Dkt. No. 115, at 30-38.

Foreign Banks' alleged conspiracy to manipulate USD LIBOR. *Wilder* v. *News Corp.*, 2014 WL 1315960, at *6 (S.D.N.Y. Mar. 31, 2014) (conspiracy allegations must "show that the defendant's co-conspirator committed a tortious act *pursuant to the conspiracy* in this jurisdiction") (emphasis added); *In re Satyam Computer Services Ltd. Securities Litigation*, 915 F. Supp. 2d 450, 485 (S.D.N.Y. 2013) (no personal jurisdiction where plaintiffs did not allege facts "which connect [the foreign defendants] with transactions occurring in the United States"). Because Solow has failed to demonstrate that the exercise of personal jurisdiction over the Foreign Banks comports with due process, the Amended Complaint should be dismissed.

        C.        **The Exercise of Personal Jurisdiction Would Be Unreasonable.**

Although the Supreme Court has held that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *Asahi Metal Industry Co.* v. *Superior Court of California*, 480 U.S. 102, 115 (1987) (citation and internal quotations omitted), Solow contends that the question whether the exercise of jurisdiction over the Foreign Banks would be reasonable and comport with fair play and substantial justice is "'largely academic' in federal question cases." Opp. Br. 14. This argument is contradicted by the Supreme Court's stated comity concerns in *Daimler*, 134 S. Ct. at 762-63, and the Second Circuit's similar concern in *Gucci*, 768 F.3d at 137-38, in cases involving foreign defendants. The exercise of jurisdiction in New York would be unreasonable because the Foreign Banks are all foreign companies and the Foreign Bank's alleged suit-related acts occurred abroad.

**III.    THE FOREIGN BANKS HAVE NOT WAIVED THEIR JURISDICTIONAL OBJECTION.**

Solow's waiver argument also misses the mark. Solow argues that the "at home" standard in *Daimler* is not new and engages in a lengthy discussion of a District of Columbia district court case directly contrary to controlling Second Circuit precedent. *See* Opp. Br. 18-19 (citing *Gilmore* v. *Palestinian Interim Self-Gov't Authority*, 8 F. Supp. 3d 9 (D.D.C. 2014)). The Second Circuit definitively held in *Gucci* that, prior to *Daimler*, a foreign bank defendant— similarly situated to the Foreign Banks here—had no viable personal jurisdiction defense, and

therefore did not waive its personal jurisdiction defense. 768 F.3d at 138. Solow's lengthy analysis of *Gilmore* (Opp. Br. 18-19) is irrelevant in light of *Gucci*'s clear directive. Solow offers no controlling case law to support his contention that the Foreign Banks' jurisdictional objections were previously available to them.[16]

### IV. JURISDICTIONAL DISCOVERY IS INAPPROPRIATE.

Solow rightly acknowledges (Opp. Br. 20) that jurisdictional discovery should only be granted where plaintiffs have made a threshold showing of personal jurisdiction. *Mills 2011 LLC* v. *Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013). But Solow admits that he asserts only specific jurisdiction—he must allege plausible allegations that connect each Foreign Bank's suit-related activity with New York or the United States. Solow has not done so despite extensive information disclosed in certain defendants' widely reported regulatory settlements.[17]

### CONCLUSION

The Amended Complaint should be dismissed under Rule 12(b)(2) as to the Foreign Banks for lack of personal jurisdiction.

---

[16] Solow cites *Laydon* v. *Mizuho Bank, Ltd., et al.*, 12-cv-3419, a Yen LIBOR case, in support of his waiver argument, suggesting that the court there found a waiver on similar facts. Opp. Br. 13 n.8. But *Laydon* supports the Foreign Banks' argument that there is no waiver. Defendants in that case moved to dismiss pre-*Daimler* and did not raise a personal jurisdiction defense. After *Daimler* was decided, several defendants raised the personal jurisdiction argument with the permission of the court. At oral argument, the plaintiff argued just as Solow does here—that applying *Gilmore*'s reasoning, not *Gucci*'s, defendants waived their personal jurisdiction defense. Dkt. No. 417 at 40, 61. After critically questioning plaintiff's counsel, Judge Daniels stated at oral argument: "You don't think *Gucci* says that[,] the Second Circuit doesn't say that[,] *Daimler* presents a defense that wasn't available to them, so . . . I can't rule that they waived because they didn't raise it pre-*Daimler*? You don't think *Gucci* stands for that proposition? *Tortured reason for me to say it doesn't stand for the proposition . . . .*" *Id.* at 61 (emphasis added). While he has not yet ruled on the motion, the *Laydon* transcript suggests significant skepticism of plaintiff's waiver argument—so much so that the plaintiff largely abandoned his general jurisdiction argument before the argument was over. *See id.* at 37-68.

[17] The Foreign Banks' declarations submitted with this motion do not create any material factual disputes. Solow does not dispute any facts asserted in the declarations. The declarations primarily provide financial and corporate information to determine where the Foreign Banks are "at home" under *Daimler*. But, as Solow confirms, general jurisdiction is not at issue here.

Dated: New York, New York
December 10, 2014

Respectfully Submitted,

| | |
|---|---|
| /s/ Daryl A. Libow | /s/ Jeffrey T. Scott |
| Daryl A. Libow | David H. Braff |
| Christopher M. Viapiano | Yvonne S. Quinn |
| SULLIVAN & CROMWELL LLP | Jeffrey T. Scott |
| 1700 New York Avenue, N.W., Suite 700 | Matthew J. Porpora |
| Washington, D.C. 20006 | SULLIVAN & CROMWELL LLP |
| libowd@sullcrom.com | 125 Broad Street |
| viapianoc@sullcrom.com | New York, New York 10004 |
| Telephone: (202) 956-7500 | Telephone: (212) 558-4000 |
| Fax: (202) 956-7056 | braffd@sullcrom.com |
| | quinny@sullcrom.com |
| | scottj@sullcrom.com |
| | porporam@sullcrom.com |
| *Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.* | *Attorneys for Defendant Barclays PLC* |

/s/ David R. Gelfand

David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY & McCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
dgelfand@milbank.com
smurphy@milbank.com
Telephone: (212) 530-5000

*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.*

| /s/ Herbert S. Washer | /s/ Moses Silverman |
|---|---|
| Herbert S. Washer | Moses Silverman |
| Elai Katz | Andrew C. Finch |
| Joel Kurtzberg | Ankush Khardori |
| CAHILL GORDON & REINDEL LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 80 Pine Street | |
| New York, New York 10005 | 1285 Avenue of the Americas |
| Telephone:  (212) 701-3000 | New York, New York 10019-6064 |
| hwasher@cahill.com | Telephone:  (212) 373-3355 |
| ekatz@cahill.com | msilverman@paulweiss.com |
| jkurtzberg@cahill.com | afinch@paulweiss.com |
| | akhardori@paulweiss.com |
| *Attorneys for Defendant Credit Suisse Group AG* | *Attorneys for Defendant Deutsche Bank AG* |

/s/ Ed DeYoung
Ed DeYoung
Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
edeyoung@lockelord.com
rcowie@lockelord.com

Gregory T. Casamento
LOCKE LORD LLP
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
gcasamento@lockelord.com

*Attorneys for Defendant HSBC Holdings plc and HSBC Bank plc*

/s/ Marc J. Gottridge
Marc J. Gottridge
Lisa J. Fried
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com
Telephone: (212) 918-3000
Fax: (212) 918-3100

*Attorneys for Defendants HBOS plc and Lloyds Banking Group plc*

| | |
|---|---|
| /s/ Andrew W. Stern | /s/ Arthur W. Hahn |
| Andrew W. Stern | Arthur W. Hahn |
| Alan M. Unger | Christian T. Kemnitz |
| Nicholas P. Crowell | KATTEN MUCHIN ROSENMAN LLP |
| SIDLEY AUSTIN LLP | 525 West Monroe Street |
| 787 Seventh Avenue | Chicago, Illinois 60661 |
| New York, New York 10019 | arthur.hahn@kattenlaw.com |
| astern@sidley.com | christian.kemnitz@kattenlaw.com |
| aunger@sidley.com | Telephone:  (312) 902-5200 |
| ncrowell@sidley.com | |
| Telephone:  (212) 839-5300 | *Attorneys for Defendant Royal Bank of Canada* |
| Fax:  (212) 839-5599 | |

*Attorneys for Defendant The Norinchukin Bank*

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Alan E. Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800
Fax:  (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com


/s/ Robert G. Houck
Robert G. Houck
Alejandra de Urioste
James D. Miller
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com
jim.miller@cliffordchance.com
Telephone:  (212) 878-8000

*Attorneys for Defendant The Royal Bank of Scotland Group plc*

/s/ Christopher M. Paparella
Christopher M. Paparella
Ethan E. Litwin
Morgan J. Feder
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
Chris.Paparella@hugheshubbard.com
Ethan.Litwin@hugheshubbard.com
Morgan.Feder@hugheshubbard.com

*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche ImmobilienBank AG*