CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| FLOYD ABRAMS | CIRO A. GAMBONI | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | JOHN SCHUSTER |
| L. HOWARD ADAMS | WILLIAM B. GANNETT | FACSIMILE: (212) 269-5420 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | CHARLES A. GILMAN | | ANN S. MAKICH | DARREN SILVER |
| HELENE R. BANKS | STEPHEN A. GREENE | | JONATHAN I. MARK | HOWARD G. SLOANE |
| ANIRUDH BANSAL | JASON M. HALL | 1990 K STREET, N.W. | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| LANDIS C. BEST | WILLIAM M. HARTNETT | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| SUSAN BUCKLEY | CRAIG M. HOROWITZ | (202) 862-8900 | NOAH B. NEWITZ | SUSANNA M. SUH |
| KEVIN J. BURKE | DOUGLAS S. HOROWITZ | FAX: (202) 862-8958 | MICHAEL J. OHLER | ANTHONY K. TAMA |
| JAMES J. CLARK | TIMOTHY B. HOWELL | | ATHY A. O'KEEFFE | JONATHAN D. THIER |
| BENJAMIN J. COHEN | DAVID G. JANUSZEWSKI | | DAVID R. OWEN | JOHN A. TRIPODORO |
| SEAN M. DAVIS | ELAI KATZ | AUGUSTINE HOUSE | JOHN PAPACHRISTOS | GLENN J. WALDRIP, JR. |
| STUART G. DOWNING | THOMAS J. KAVALER | 6A AUSTIN FRIARS | LUIS R. PENALVER | HERBERT S. WASHER |
| ADAM M. DWORKIN | BRIAN S. KELLEHER | LONDON, ENGLAND EC2N 2HA | KIMBERLY PETILLO-DÉCOSSARD | MICHAEL B. WEISS |
| ANASTASIA EFIMOVA | DAVID N. KELLEY | (011) 44.20.7920.9800 | DEAN RINGEL | S. PENNY WINDLE |
| JENNIFER B. EZRING | CHÉRIE R. KISER* | FAX: (011) 44.20.7920.9825 | JAMES ROBINSON | DAVID WISHENGRAD |
| JOAN MURTAGH FRANKEL | EDWARD P. KRUGMAN | | THORN ROSENTHAL | COREY WRIGHT |
| JONATHAN J. FRANKEL | JOEL KURTZBERG | | TAMMY L. ROY | DANIEL J. ZUBKOFF |
| BART FRIEDMAN | ALIZA R. LEVINE | WRITER'S DIRECT NUMBER | JONATHAN A. SCHAFFZIN | ADAM ZUROFSKY |

(212) 701-3120

*ADMITTED IN DC ONLY

March 3, 2015

Re:   *7 West 57th Street Realty Company, LLC v. Citigroup, Inc. et al.*,
      Case No. 13-CV-0981 (PGG)

Dear Judge Gardephe:

We are counsel for Defendant Credit Suisse Group AG ("Credit Suisse") and submit this letter on behalf of certain Foreign Defendants[1] in response to Plaintiff's February 20, 2015 letter (Dkt. No. 169) ("Plaintiff's Letter") requesting leave to file a supplemental declaration in opposition to Foreign Defendants' fully-briefed motion to dismiss for lack of personal jurisdiction. Plaintiff's request should be denied because (1) the information provided fails to demonstrate that any of the Foreign Defendants are subject to personal jurisdiction in this District and (2) the letter is procedurally improper.

Plaintiff's request for leave should be denied first and foremost because the information Plaintiff seeks to submit fails to impact the personal jurisdiction analysis. The information can be divided into three claims alleging that the Foreign Defendants (i) are regulated by the Federal Reserve; (ii) make public SEC filings; or (iii) are listed on stock exchanges in the United States.[2] None of these categories of information demonstrate that any of the Foreign Defendants are subject to general jurisdiction, which requires a comparison between each defendant's contacts in its native jurisdiction and its contacts in the forum to determine whether a defendant is "at home" in the forum. *See* Joint Memorandum of Law in Support of Foreign Bank Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 140) ("Foreign Bank Defendants' Memorandum") at 4, 6. To take

---

[1] The Foreign Defendants are those who moved to dismiss for lack of personal jurisdiction: The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank PLC ("Barclays"), Credit Suisse Group AG, Deutsche Bank AG, HSBC Holdings plc, HSBC Bank plc, Lloyds Banking Group plc, HBOS plc, The Norinchukin Bank, The Royal Bank of Canada, The Royal Bank of Scotland Group plc, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. and Portigon AG (f/k/a WestLB AG). Defendant Westdeutsche ImmobilienBank AG has also moved to dismiss on personal jurisdiction grounds but Westdesutsche ImmobilienBank AG does not join in this letter because Plaintiff's Letter does not seek to put additional information before the Court about Westdesutsche ImmobilienBank AG.

[2] Some of these categories of information do not apply to each Foreign Defendant. For example, Plaintiff puts forth information about SEC filings made by HBOS plc, but not that it is listed on a U.S. stock exchange or regulated by the Federal Reserve. Plaintiff's Letter, Ex. A. ¶ 7.

CAHILL GORDON & REINDEL LLP

- 2 -

just one example, Plaintiff points out that Barclays Bank PLC is listed on the New York Stock Exchange, is regulated by the U.S. Federal Reserve, and has made numerous SEC filings.[3] Plaintiff's Letter, Ex. A. ¶ 2. But Plaintiff fails to demonstrate how these facts support the conclusion that Barclays is "at home" in this District. Nor could Plaintiff do so. Plaintiff ignores that the majority of Barclays' business occurs outside of the United States and that it is subject to pervasive regulation in the United Kingdom—Barclays' home country—as well as in Europe and many other jurisdictions around the world. A similar analysis applies to each of the other Foreign Defendants. Because the Foreign Defendants are globally active, regulatory supervision by the Federal Reserve and the SEC, and the listing of a Foreign Defendant's shares on a U.S. stock exchange, cannot be and are not determinative that the Foreign Defendants are "at home" and therefore subject to general jurisdiction in this District. *See AM Trust v. UBS AG*, 2015 WL 395465, at *7 (N.D. Cal. Jan. 29, 2015) ("The fact that the foreign bank has to comply with U.S. banking regulations does not change the fact that the foreign bank remains 'at home' in its place of incorporation and principal place of business."); *see also U.S. ex rel. Banignan v. Organon USA Inc.*, 2012 WL 1190826, at *6 (D. Mass. Apr. 9, 2012) ("issuance of investment devices that allowed investors to trade foreign defendant's shares on U.S. exchanges" is insufficient to confer general jurisdiction).

Nor is the information proffered by Plaintiff relevant to the specific jurisdiction analysis. To allege specific jurisdiction a plaintiff must plausibly allege a "substantial nexus" between the alleged misconduct and a defendant's contacts with the forum. Foreign Bank Defendants' Memorandum at 7. But none of information highlighted by Plaintiff has any connection to the alleged misconduct. Plaintiff does not claim that Foreign Defendants' stock market listings, SEC filings, and/or regulation by the Federal Reserve have anything to do with the alleged misconduct described in the Complaint.

Finally, Plaintiff's request is procedurally improper because it contains information that was publicly available and could have been included in Plaintiff's original submission. Courts have recognized that submission of supplemental papers in opposition to a fully-briefed motion to dismiss "is often more of a hindrance than a help" and should only be considered in limited circumstances, such as where the additional facts are "carefully cabined and respond to arguably new contentions contained in reply papers on the underlying motion" and where "the parties will be best served by the Court's deciding the . . . issue presented to it on the most complete factual basis possible." *Agilent Technologies, Inc. v. Micromuse, Inc.*, 2004 WL 2346152, at *9 n.2 (S.D.N.Y. Oct. 19, 2004); *see also National Union Fire Insurance Co. v. BP Amoco P.L.C.*, 2003 WL 1618534, at *1 (S.D.N.Y. Mar. 27, 2003). Plaintiff fails to meet this standard. The information Plaintiff seeks to put before the Court is not responsive to any facts or arguments advanced by Foreign Defendants, evidencing that Plaintiff's proposed submission is, at best, of marginal relevance. Plaintiff also provides no justification for failing to include these materials in its original submission.

For all these reasons, Plaintiff's request should be denied.

---

[3] *See* Plaintiff's Letter, Ex. A. ¶ 2. Notably, much of Plaintiff's so-called "supplemental" information concerning Barclays is duplicative of facts Barclays itself has already introduced into the record on the motion to dismiss. Barclays has submitted a declaration that it sponsors American Depositary Receipts traded in the United States and that it is regulated by the Federal Reserve. *See* Amended Declaration of Patrick Gonsalves in Support of Barclays Bank PLC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 149) ¶¶ 10, 13.

CAHILL GORDON & REINDEL LLP

- 3 -

Respectfully submitted,

*Joel Kurtzberg*

Joel Kurtzberg

The Honorable Paul G. Gardephe
United State District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

BY ECF

cc:   Counsel of Record