**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>

7 West 57th St. REALTY COMPANY, LLC, a Delaware
Limited Liability Company,

                           Plaintiff,

         -vs.-

CITIGROUP INC., CITIBANK, N.A., BANK OF AMERICA
CORP., BANK OF AMERICA, N.A., BARCLAYS BANK
PLC, UBS AG, JPMORGAN CHASE & CO., JPMORGAN
CHASE BANK, NATIONAL ASSOCIATION, CREDIT
SUISSE GROUP AG, BANK OF TOKYO-MITSUBISHI
UFJ LTD., COÖPERATIEVE CENTRALE RAIFFEISEN-
BOERENLEENBANK B.A., HSBC HOLDINGS PLC,
HSBC BANK PLC, HBOS PLC, LLOYDS BANKING
GROUP PLC, ROYAL BANK OF CANADA, THE
NORINCHUKIN BANK, ROYAL BANK OF SCOTLAND
GROUP, PLC, WESTLB AG, WESTDEUTSCHE
IMMOBILIENBANK AG, DEUTSCHE BANK AG,

                       Defendants.

</td>
<td>

13-CV-0981 (PGG)

</td>
</tr>
</table>

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ............................................................................................................. 2

ARGUMENT ................................................................................................................. 3

I.    THE PSAC FAILS TO ESTABLISH PERSONAL JURISDICTION OVER THE
      FOREIGN BANKS.................................................................................................. 4

      A.    Solow Fails to Demonstrate General Jurisdiction................................... 5

      B.    Solow Cannot Demonstrate Specific Jurisdiction.................................. 8

II.   THE PSAC FAILS TO CURE THE SUBSTANTIVE DEFICIENCIES IN
      SOLOW'S ANTITRUST CLAIM.............................................................................. 10

III.  THE PSAC FAILS TO CURE THE FATAL FLAWS IN SOLOW'S RICO
      CLAIM.................................................................................................................. 13

      A.    Solow's RICO Claim Is Still Time-Barred......................................... 14

      B.    Solow's RICO Claim Is Still Barred By *Res Judicata.* ........................ 16

IV.   SOLOW'S ATTEMPT TO REPLEAD HIS DONNELLY ACT CLAIM IS
      FUTILE................................................................................................................. 18

CONCLUSION................................................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*7 West 57th St. Realty Co., LLC v. Citigroup, Inc.*,
   No. 13-cv-0981, 2015 WL 1514539 (S.D.N.Y. March 31, 2015) ................................. *passim*

*Alvarez v. Coca-Cola Refreshments, USA, Inc.*,
   914 F. Supp. 2d 256 (E.D.N.Y. 2012) ..................................................................................14

*AmBase Corp. v. City Inv. Co. Liquidating Trust*,
   326 F.3d 63 (2d Cir. 2003) ....................................................................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 16, 17-18

*Atl. Mutual Ins. Co., Inc.* v. *CSX Expedition*,
   No. 00-cv-7668, 2002 WL 202195 (S.D.N.Y. Feb. 7, 2002) ...................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................16, 17

*Benfield v. Mocatta Metals Corp.*,
   26 F.3d 19 (2d Cir. 1994) ......................................................................................................15

*BPP Illinois LLC v. Royal Bank of Scotland Grp. PLC*,
   No. 13-cv-4459, 2015 WL 2215004 (2d Cir. May 13,
   2015) .............................................................................................................................14, 15, 16

*Chatwal Hotels & Resorts LLC v. Dollywood Co.*,
No. 14-cv-8679, 2015 WL 539460, at *6 (S.D.N.Y. Feb. 6, 2015) ..............................................7

*Cmty. Fin. Grp., Inc. v. Stanbic Bank Ltd.*,
   No. 14-cv-5216, 2015 WL 4164763, at *3 (S.D.N.Y. July 10, 2015) ................................. 6-7

*Conley v. Gibson*,
   355 U.S. 41 (1955) ..................................................................................................................17

*Crouse v. Cyclops Indus.*,
   560 Pa. 394 (2000) .................................................................................................................15

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ....................................................................................................5, 6, 7, 8

*Dodds v. Cigna Sec., Inc.*,
   12 F.3d 346 (2d Cir. 1993)......................................................................................15

*In re Foreign Exch. Benchmark Rates Antitrust Litig.*,
   No. 13-cv-07789, 2015 WL 363894 (S.D.N.Y. Jan. 28, 2015) .........................................12, 13

*Gucci Am., Inc.* v. *Weixing Li*,
   768 F.3d 122, 135 (2d Cir. 2014).............................................................................6, 7

*Health-Chem Corp. v. Baker*,
   915 F.2d 805 (2d Cir. 1990)......................................................................................4

*Hosking* v. *Hellas Telecoms (Lux) II SCA*,
   524 B.R. 488 (Bankr. S.D.N.Y. 2015).......................................................................6, 7

*Hunter* v. *Deutsche Lufthansa AG*,
   863 F. Supp. 2d 190 (E.D.N.Y. 2012) .......................................................................5

*Intesa Sanpaolo, S.p.A. v. Credit Agricole Corporate & Inv. Bank*,
   924 F. Supp. 2d 528 (S.D.N.Y. 2013).......................................................................14

*JLM Chem., Inc.* v. *Summit Res.Grp., Inc.*,
   No. 08-10296, 2009 WL 1108662 (S.D.N.Y. Apr. 24, 2009) .........................................9-10

*King Cnty., Wash. v. IKB Deutsche Industriebank AG*,
   863 F. Supp. 2d 317 (S.D.N.Y. 2012).......................................................................14

*Koch v. Christie's Int'l PLC*,
   699 F.3d 141 (2d Cir. 2012)......................................................................................15

*Krys v. Pigott*,
   749 F.3d 117 (2d Cir. 2014)......................................................................................4

*Laydon v. Mizuho Bank, Ltd.*,
   No. 12-cv-3419, 2014 WL 1280464 (S.D.N.Y. Mar. 28,
   2014) ....................................................................................................................10

*Laydon v. Mizuho Bank, Ltd.*,
   No. 12-cv-3419, 2015 WL 1515358 (S.D.N.Y. Mar. 31,
   2015) ....................................................................................................................9

*LC Capital Partners, LP v. Frontier Ins. Grp.*,
   318 F.3d 148, 156-157 (2d Cir. 2003) .......................................................................15

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   935 F. Supp. 2d 666 (S.D.N.Y. 2013).......................................................................10, 11

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   962 F. Supp. 2d 606 (S.D.N.Y. 2013) ................................................................. 13

*In re Merrill Lynch Ltd. P'ships Litig.*,
   154 F.3d 56 (2d Cir. 1998) ................................................................................. 15

*Prudential Ins. Co. of Am. v. BMC Indus., Inc.*,
   655 F. Supp. 710 (S.D.N.Y. 1987) ......................................................................... 4

*Schaefer v. Town of Victor*,
   457 F.3d 188 (2d Cir. 2006) ............................................................................... 18

*Schmidt v. Skolas*,
   770 F. 3d 241 (3d Cir. 2014) .............................................................................. 15

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ............................................................................. 4, 14

*TechnoMarine SA v. Giftports, Inc.*,
   758 F.3d 493 (2d Cir. 2014) ............................................................................... 17

*United States v. Hatfield*,
   795 F. Supp. 2d 219 (E.D.N.Y. 2011) ................................................................. 14

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ......................................................................................... 8

*Wiwa* v. *Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000) .................................................................................... 8

*World Wrestling Entm't Inc. v. Jakks Pac., Inc.*,
   425 F. Supp. 2d 484 (S.D.N.Y. 2006) ............................................................ 16, 17

*Yang v. Navigators Grp., Inc.*,
   18 F. Supp. 3d 519, 528 (S.D.N.Y. 2014) ........................................................... 14

**Statutes and Rules**

28 U.S.C. § 1367 ....................................................................................................... 18

L. Civ. R. 6.3 ............................................................................................................. 14

L.R. App. P. 32.1.1(a) ............................................................................................... 14

Fed. R. Civ. P. 12 ............................................................................................. *passim*

## PRELIMINARY STATEMENT

Plaintiff 7 West 57th St. Realty Company, LLC's ("Solow's") motion for leave to amend is an exercise in denial. This Court already has ruled on the legal principles requiring dismissal of Solow's First Amended Complaint ("FAC"), and Solow offers no new allegations that might conceivably change this Court's application of those principles. Instead, Solow attempts to reargue points the Court has already considered and rejected. Not only is Solow's motion an improper vehicle for seeking such reconsideration, but Solow is wrong about the law. Accordingly, Solow's proposed amendment is futile.

*First*, Solow's Proposed Second Amended Complaint ("PSAC") fails to cure the jurisdictional deficiencies that led the Court to dismiss the FAC for lack of personal jurisdiction over the Foreign Banks.[1] Solow's last-ditch effort to argue that these defendants are subject to general jurisdiction, having disclaimed that basis for jurisdiction previously, is unavailing because none of the Foreign Bank is "at home" in New York. Nor does the PSAC fare any better in alleging specific jurisdiction—it includes no allegations of suit-related contacts by the Foreign Banks with New York as required to support specific jurisdiction.

*Second*, the PSAC seeks to resurrect Solow's antitrust claim, but alleges no facts that remedy the deficiencies identified by the Court in dismissing the antitrust claims in the FAC. Solow does not and cannot allege any facts showing that the LIBOR-setting process is competitive, or how Defendants' alleged conduct caused antitrust injury—*i.e.*, injury flowing

---

[1]     The "Foreign Banks" are Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank PLC ("Barclays"), Credit Suisse Group AG, Deutsche Bank AG ("Deutsche Bank"), HSBC Holdings plc, HSBC Bank plc, Lloyds Banking Group plc, HBOS plc, The Norinchukin Bank, The Royal Bank of Canada, The Royal Bank of Scotland Group plc, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A ("Rabobank"), Portigon AG (f/k/a WestLB AG), and Westdeutsche ImmobilienBank AG.

1

from reduced competition.  Solow instead focuses on adding irrelevant allegations concerning Defendants' various business functions *aside* from the LIBOR-setting process.  Solow also advances allegations regarding Defendants' competition in the inter-bank lending market or competition in the market for instruments that reference LIBOR, but Solow alleges no impairment of competition in those markets.  Every court that has considered the issue has held that the process of setting LIBOR is a cooperative venture—not a competitive one—and Solow offers nothing to justify changing that conclusion.

*Third*, Solow offers no valid basis for the Court to reconsider its decision to deny him leave to replead his defective RICO claim.  The proposed amendment is futile because the claim is both time-barred and barred by *res judicata*.  The Court's legal analysis of the original RICO claim applies equally to the PSAC.  Solow's arguments that his RICO claim is not time-barred or barred by *res judicata* rely solely upon a summary order interpreting Pennsylvania law that is of no precedential value and no relevance to the federal RICO claim at issue here.

*Finally*, in the absence of any cognizable federal claim, the Court should again decline to exercise jurisdiction over Solow's state law antitrust claim.  Solow's request for leave to amend should be denied, and final judgment should be entered for Defendants.

## BACKGROUND

Defendants respectfully refer the Court to their previously submitted briefs and personal jurisdiction affidavits and the Court's March 31, 2015 dismissal order for a detailed description of the background of this action.  Dkt. Nos. 114-18; Dkt No. 122; Dkt. No. 172.

Through this action, Solow seeks to relitigate in this Court a dispute he previously lost in state court.  In 2008, Citibank, N.A. obtained a New York State court judgment against Solow (who controls Plaintiff) following his default under a $503 million credit facility.  In May 2012, after Solow unsuccessfully exhausted all avenues of appeal, he satisfied the judgment by paying

2

Citibank $111 million.  After losing at every stage of the court proceedings, Solow filed this

action claiming that Defendants' purported upward manipulation of U.S. Dollar LIBOR ("USD

LIBOR") caused his loan default and ultimately resulted in the state court judgment.

In March 2015, the Court granted the Foreign Banks' Rule 12(b)(2) motion and all

Defendants' Rule 12(b)(6) motion, dismissing Solow's FAC in its entirety.  *7 West 57th St.*

*Realty Co., LLC v. Citigroup, Inc.*, No. 13-cv-0981, 2015 WL 1514539 (S.D.N.Y. March 31,

2015).  The Court held that Solow failed to allege facts sufficient to establish specific personal

jurisdiction over the Foreign Banks, that certain Foreign Banks' registration with the New York

Department of Financial Services did not constitute consent to jurisdiction, and that the FAC's

conclusory allegations of conspiracy were insufficient to base jurisdiction on the acts of

purported co-conspirators.  *Id.* at *10-13.  In granting the Rule 12(b)(6) motion, the Court ruled

that Solow "had not plausibly alleged antitrust injury," and that Solow's RICO claims were time-

barred and barred under the doctrine of *res judicata*.  *Id.* at *20, *30.  Because no federal claims

remained, the Court declined to exercise supplemental jurisdiction over Solow's state antitrust

claim.  The Court permitted Solow to file a motion seeking leave to amend his antitrust claim,

but noted that "it appears unlikely that Plaintiff can plead facts sufficient to cure the defects

noted in its opinion."  *Id.* at *30.  The Court denied Solow leave to amend his RICO claim based

on futility.[2]  *Id.*

## ARGUMENT

Solow's motion should be denied because amendment would be futile, since the claims

Solow proposes to re-assert are defective as a matter of law and would not survive a motion to

---

[2]      The Court did not rule on Defendants' *res judicata* defense with respect to the antitrust or
state law claims.  *Id.* at *23, n.9.

dismiss.  *See, e.g.*, *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("where, as here, there is no merit in the proposed amendments, leave to amend should be denied"); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 655 F. Supp. 710, 711 (S.D.N.Y. 1987) ("[I]t is inappropriate to grant leave when the amendment would not survive a motion to dismiss.").  To the extent Solow's motion raises issues that are in essence a request for reconsideration, it should be denied because Solow cannot "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## I.  THE PSAC FAILS TO ESTABLISH PERSONAL JURISDICTION OVER THE FOREIGN BANKS.

The FAC's allegations failed to support the exercise of personal jurisdiction.  *7 West 57th St.*, 2015 WL 1514539, at *10-14.  In opposing Defendants' motion to dismiss, Solow stated that he was relying on specific—not general—jurisdiction.  *See id.* at *7 ("Plaintiff does not contend that there is any basis for the exercise of general jurisdiction."); Dkt. No. 134 at 1 (Solow's pre-motion letter) ("[g]eneral jurisdiction is irrelevant here"); Dkt. No. 157 at 10-14 (Solow's Opposition Brief) (arguing only specific jurisdiction over Defendants is proper).  Solow now seeks to change tack and asserts that the Foreign Banks are subject to this Court's exercise of general jurisdiction.  *See* Mot. at 7.  But the PSAC fares no better in establishing personal jurisdiction than the FAC.  None of the proposed amendments demonstrates that the Foreign Banks are "at home" in New York, as required to establish general jurisdiction.[3]  Nor do the

---

[3]  Solow argues that the Court should consider contacts "with the United States" in determining personal jurisdiction.  Mot. at 7.  However, the Court has already considered and rejected that very argument.  *7 West 57th Street*, 2015 WL 1514539, at *7 n.2.  The parties (continued…)

proposed amendments involve any *suit-related* contacts with New York sufficient to support specific jurisdiction over the Foreign Banks.

### A.      Solow Fails to Demonstrate General Jurisdiction.

The Court correctly observed in its March 2015 Opinion that "Plaintiff does not contend that there is any basis for the exercise of general jurisdiction." *7 West 57th St.*, 2015 WL 1514539, at *7. Solow now argues for general jurisdiction after making a strategic decision not to make that argument previously. That, in itself, is sufficient reason to deny leave to amend. *See Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012) (denying motion to amend where "plaintiff was already afforded ample opportunity to set forth a *prima facie* case for personal jurisdiction").

In any event, the proposed amendment is futile because the PSAC does not (and cannot) demonstrate general jurisdiction. None of the Foreign Banks is "at home" in New York. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citation and internal quotation marks omitted) ("With respect to a corporation, the place of incorporation and principal place of business are paradig[m] bases for general jurisdiction."). Solow argues that the Foreign Banks are subject to general jurisdiction because they have "a continuous, substantial, and long-term presence in the United States and New York, which is sufficient for the Court to exercise personal jurisdiction over each under general jurisdiction." Mot. at 7. But the U.S. Supreme Court and the Second Circuit have ruled that is not the correct standard.

The Supreme Court held in *Daimler* that a corporation may be "at home" and subject to general jurisdiction outside of its place of incorporation or principal place of business only in an

---

addressed the appropriate test in their prior briefs. *See* Dkt. No. 140 at 12-14; Dkt. No. 157 at 10. Solow offers no principled reason for the Court to reconsider its holding.

"exceptional" case.  134 S.Ct.  at 762, n.19 ("We do not foreclose the possibility that in an

exceptional case, a corporation's operations in a forum other than its formal place of

incorporation or principal place of business may be ***so substantial*** and of such a nature as to

render the corporation at home in that state.") (emphasis added); *see also* Defs.' Motion to

Dismiss  (Dkt. No. 140) at 4-7.  Elaborating on this test, in *Gucci America, Inc. v. Weixing Li*,

the Second Circuit explained that the "at home" test means that "a corporation may . . . be

subject to general jurisdiction in a state where its contacts are so 'continuous and systematic,'

judged against the corporation's national and global activities, that it is 'essentially at home' in

that state."  768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761-62).  Applying

this comparative analysis, none of the Foreign Banks is "at home" in New York.

        In the face of controlling precedent from the Supreme Court and Second Circuit, Solow

relies upon a single bankruptcy court case, *Hosking v. Hellas Telecoms (Lux) II SCA*, 524 B.R.

488 (Bankr. S.D.N.Y. 2015), to support his general jurisdiction argument.  Mot. at 7.  Solow

contends that *Hosking* permits general jurisdiction where a defendant "has a continuous,

substantial, and long-term presence in the United States and New York."  *Id.*  But in *Daimler*, the

Supreme Court considered that very argument and rejected it:

> Plaintiffs would have us look beyond the exemplar bases *Goodyear* identified,
> and approve the exercise of general jurisdiction in every State in which a
> corporation engages in a ***substantial, continuous, and systematic course of
> business***.  That formulation, we hold, is unacceptably grasping.

134 S. Ct. at 760-61 (emphasis added).

        *Daimler* instead requires courts to undertake an analysis comparing a defendant's

contacts with the forum to its "other national and international activities" in order to determine if

those contacts are "***so*** continuous and systematic" that it is "essentially at home" in the forum

state.  *Cmty. Fin. Grp., Inc. v. Stanbic Bank Ltd.*, No. 14-cv-5216, 2015 WL 4164763, at *3

(S.D.N.Y. July 10, 2015) (citing *Daimler*, 134 S. Ct. at 760-61) (emphasis added).  And *Gucci* further makes clear that the analysis is comparative.  *Gucci*, 768 F.3d at 135 (holding that, for general jurisdiction to attach, a corporation's contacts with the forum state must be "so 'continuous and systematic,' ***judged against the corporation's national and global activities***, that it is 'essentially at home' in that state") (quoting *Daimler*, 134 S. Ct. at 761-62) (emphasis added).  *Hosking* never conducted this comparative analysis.  Instead, it looked at the defendants' contacts with the forum in isolation.  *See Hosking*, 524 B.R. at 508 (pointing to the assets and employees defendant had in the forum without any comparison to defendant's global assets and employees).  *Daimler* makes clear a defendant's "engage[ment] in a substantial, continuous, and systematic course of business" in the forum, by itself, is insufficient to render it at home in a forum.  *Daimler*, 134 S. Ct. at 761.

Solow's new allegations do not establish the "exceptional" case left open by *Daimler*:

- Allegations of significant presence and "doing business" in New York (*see* Mot. at 7, items 1, 3, 4, 5).  These allegations do not show, as *Daimler* and *Gucci* require, contacts that are "so continuous and systematic" when compared to the Foreign Banks' other national and global activities, as to render the Foreign Banks "essentially at home" in New York.

- New York Stock Exchange listing (*see* Mot. at 7, item 2).  Even before *Daimler*, the Second Circuit held that "activities required to maintain a stock exchange listing—without more—are insufficient to confer jurisdiction." *Wiwa v. Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000).

- Maintaining unrelated litigation in New York (*see* Mot. at 7, item 6).  A party is not subject to jurisdiction because it consented to jurisdiction in the same district in another unrelated litigation.  *Atl. Mutual Ins. Co., Inc. v. CSX Expedition*, No. 00-cv-7668, 2002 WL 202195, at *3 (S.D.N.Y. Feb 7, 2002).

- Registration with the New York Department of Financial Services (*see* Mot. at 7, item 7).  The Court has already correctly held that the Foreign Banks have not consented to general personal jurisdiction in New York by registering with the New York Department of Financial Services."  *7 West 57th St.*, 2015 WL 1514539, at *11; *see also Chatwal Hotels & Resorts LLC v. Dollywood Co.*, No. 14-cv-8679, 2015 WL 539460, at *6 (S.D.N.Y. Feb. 6, 2015) ("being registered to do business is insufficient to confer general jurisdiction in a state that is neither its state of incorporation or its principal place of business").

Solow offers no reason why that holding is wrong or why it should be reconsidered.

In their motion to dismiss the FAC, the Foreign Banks extensively addressed the potential "exceptional" case left open by *Daimler* and submitted declarations demonstrating that New York is not their home. *See* Dkt. No. 140 at 4-7. Solow does not (and cannot) dispute the facts in the Foreign Banks' declarations about their business operations; nor does he demonstrate, as he must, that the Foreign Banks' New York operations are "so substantial and of such a nature as to render the corporation at home in" New York. *Daimler*, 134 S. Ct. at 761. Solow has failed to provide a *prima facie* basis for general jurisdiction.[4]

## B.    Solow Cannot Demonstrate Specific Jurisdiction.

In a last ditch maneuver, Solow argues that even if these new allegations fail to demonstrate general jurisdiction, the Court should consider these *general* contacts in a *specific* jurisdiction analysis. Mot. at 8. To support specific jurisdiction, however, Solow must demonstrate that "the Foreign Banks' *suit-related* conduct creates minimum contacts with New York, . . . not simply that the Foreign Banks have a presence here or conduct business activities here in general." *7 West 57th St.*, 2015 WL 1514539, at *10 (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)) (emphasis in original). Solow had a full and fair opportunity to address specific jurisdiction during briefing. Dkt. No. 157 at 10-17. This Court already held:

> General contacts with New York are not sufficient to establish specific personal jurisdiction. There is precious little in the Amended Complaint demonstrating a

---

[4]    Moreover, many of Solow's new factual allegations are demonstrably false and contradicted by the declarations previously submitted by the Foreign Banks. One example (of many) is that Solow alleges that "Defendant HSBC"—which is defined to include HSBC Holdings plc and HSBC Bank plc—maintains "[i]ts principal executive offices—at 452 Fifth Avenue, New York, NY 10018." (PSAC at ¶ 23). But as their declarations made plain, both HSBC Holdings plc and HSBC Bank plc have their registered offices in London, England and neither has *any* offices, branches, or other places of business in New York or anywhere else in the United States. Dkt. Nos. 146-47.

connection between the Foreign Banks' alleged suit-related conduct and New York, and there are no allegations demonstrating that any such relationship arose out of contacts that the Foreign Banks created with New York.

*7 West 57th St.*, 2015 WL 1514539, at *10; *see also Laydon* v. *Mizuho Bank, Ltd.*, No. 12-cv-3419, 2015 WL 1515358, at *2-7 (S.D.N.Y. Mar. 31, 2015) (no personal jurisdiction over several foreign and broker bank defendants in action alleging manipulation of Yen LIBOR and Euroyen Tokyo Interbank Offered Rate).

Once again failing to demonstrate any connection between New York and the suit here, Solow's new allegations add nothing to the "precious little" alleged in the FAC. Solow merely contends, for example, that the Foreign Banks "maintained a significant presence in the United States," are "listed on the New York Stock Exchange," "entered into transactions with New York-based corporations," "maintained litigation in New York," and are "registered with . . . the NYDFS." *See* Mot. at 7 (listing categories). The only category that remotely approaches suit-related conduct in Solow's motion is that the Foreign Banks "employ in New York persons responsible for submitting LIBOR." *Id.* But the PSAC does not support Solow's argument. Solow cites to Paragraphs 17-30, *id.*, but those paragraphs contain no such allegations about any of the Foreign Banks, let alone ***all*** of them. *See* PSAC ¶¶ 17-30.[5] Solow cannot amend its complaint by means of allegations set forth solely in a memorandum of law. *See JLM Chem.,*

---

[5]      Although the PSAC highlights references to New York found in the regulatory settlements of Deutsche Bank, Barclays and Rabobank in what may be an effort to imply that suit-related conduct occurred at these Defendants' New York branches, *see* PSAC ¶¶ 17, 22, 30(c), the PSAC does not allege any facts demonstrating that Solow's claims—for injury due to an alleged conspiracy to inflate LIBOR between September 12, 2008 to October 10, 2008—arise out of or relate to the conduct of any New York branch employees of these Defendants. These allegations therefore suffer from the same shortcomings as the previous complaint's references to the New York branch employees of Barclays: "these allegations are not sufficient to demonstrate the necessary connection between its alleged suit-related conduct and New York, much less that any relationship between this conduct and New York arose out of contacts that [the bank] created with New York" during the relevant time period. *7 West 57th St.*, 2015 WL 1514539, at *10.

9

*Inc. v. Summit Resource Grp., Inc.*, No. 08-cv-10296, 2009 WL 1108662, at *1 n.1 (S.D.N.Y. Apr. 24, 2009).

Because Solow's proposed allegations in the PSAC fail to establish personal jurisdiction as to the Foreign Banks, the motion for leave to file the PSAC against the Foreign Banks should be dismissed.[6]

## II.   THE PSAC FAILS TO CURE THE SUBSTANTIVE DEFICIENCIES IN SOLOW'S ANTITRUST CLAIM.

The Court previously dismissed Solow's antitrust claim for lack of antitrust injury, holding that "it is obvious that the LIBOR-setting process is a cooperative and not a competitive exercise." *7 West 57th St.*, 2015 WL 1514539, at *19.  In reaching that conclusion, the Court cited prior decisions rejecting functionally equivalent antitrust claims based on alleged manipulation of the LIBOR submission process.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 686 (S.D.N.Y. 2013) (Buchwald, J.); *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419, 2014 WL 1280464, at *8 (S.D.N.Y. Mar. 28, 2014) (Daniels, J.).  Solow's latest attempt to state a plausible claim that "the LIBOR-setting process is in fact a competitive process," Mot. at 9, is just as unavailing.  Solow's proposed revisions to the antitrust claim largely consist of adding the words "competition" or "competitive" in a few places.

Beyond such conclusory statements, Solow does not propose to allege a single new fact regarding the submission process that could possibly unsettle the Court's conclusion that LIBOR submissions do not involve competition between the Panel Banks in any marketplace.  The allegations proposed by Solow are either:  (1) not new, and were previously rejected by the Court

---

[6]      Should amendment be permitted, the Foreign Banks anticipate moving to dismiss the PSAC for lack of personal jurisdiction and expect to raise these and potentially other grounds in support of such a motion.

as a basis for showing that the LIBOR submissions involve competition; or (2) new, but irrelevant to whether the LIBOR submissions involve competition.

In the first category, Solow points to his proposed allegation that "LIBOR was intended to be set by competitive market conditions." Mot. at 8. But that was alleged in the FAC. *See* FAC ¶ 48 ("LIBOR would be based on day-to-day competition in the interbank funding markets"). The Court rejected that argument as "without merit," because "Plaintiff's allegations do not demonstrate that manipulation of LIBOR had any effect on competition in those markets." *7 West 57th St.*, 2015 WL 1514539, at *20. To the extent that LIBOR submissions are alleged to have misrepresented the lending market, the Court found any resulting injury "derived from misrepresentation, not from harm to competition." *Id.* (quoting *LIBOR*, 935 F. Supp. 2d at 692).

Solow also cites the proposed allegation that "the market accepted Defendants' use of LIBOR to set and/or evaluate interest rates," Mot. at 8; PSAC ¶¶ 40-43, 164-65, but that same allegation appears in the FAC. FAC ¶¶ 50-55. The Court held that such allegations "add nothing to the analysis" because the use of LIBOR in the financial markets "does not demonstrate that the process of setting LIBOR is a competitive exercise." *7 West 57th St.*, 2015 WL 1514539, at *19. Likewise irrelevant is the proposed allegation that Defendants "are horizontal competitors" in transactions that reference LIBOR. Mot. at 8-9. That allegation was made before, FAC ¶¶ 36-38, and rejected both because it says nothing about the LIBOR-setting process and because the FAC, like the PSAC, does not allege that "Defendants ceased to compete with one another in the financial markets." *7 West 57th St.*, 2015 WL 1514539, at *19.

Solow contends the PSAC adds allegations that Defendants' LIBOR submissions were not independent, caused interest rates to rise, and injured his bond portfolio. Mot. at 9; PSAC ¶¶

40-43, 164-65.  Each of these allegations, however, was already made in substantially similar—if not identical—form in Solow's FAC.  FAC ¶¶ 36-38, 44-49, 50-55, 156-63.

The second category, Solow's supposedly new factual allegations in the PSAC, is equally unavailing.  Solow's new allegations regarding purported admissions by Deutsche Bank and UBS AG ("UBS") in regulatory settlements cannot raise a plausible claim of antitrust injury, because the settlements themselves contradict Solow's allegations.  For example, Solow proposes to allege that defendant Deutsche Bank "admitted that the LIBOR setting process is in fact a competitive process" in its April 23, 2015 Consent Order with the New York Department of Financial Services.  Mot. at 8; PSAC ¶ 84.  The Consent Order—which was issued under New York Banking Law, not federal antitrust laws—contains no such admission; the Consent Order does not even contain the words "competitive" or "competition."  *See* New York Dep't of Fin. Serv., Consent Order (April 23, 2015), available at http://www.dfs.ny.gov/about/ea/ea1504 23.pdf.  Solow also wants to add an allegation that defendant UBS admitted, in relation to an agreement with the Department of Justice regarding wire fraud claims, "that it worked with other Contributor Panel Banks to manipulate LIBOR."  Mot. at 8; PSAC ¶¶ 76-77.  But this "new" allegation in the PSAC cites to the same "UBS Statement of Facts" that Solow quoted at length in the FAC, and which the Court has already considered.  *Compare* FAC ¶¶ 66-70 *with* PSAC ¶¶ 77.  Moreover, these allegations say nothing about whether the LIBOR submission process was competitive.

Finally, Solow seeks to add to his antitrust claim a reference to Citicorp's guilty plea concerning manipulation in the foreign exchange market.  Mot. at 8; PSAC ¶¶ 87-88.  Solow also cites to Judge Schofield's decision in *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-07789, 2015 WL 363894 (S.D.N.Y. Jan. 28, 2015) ("*Forex*"), to support his argument

that he has adequately alleged antitrust injury.  Mot. at 9.  But, the parties already briefed *Forex*

in connection with Solow's February 20, 2015 letter.  Dkt. No. 168.  The Court reviewed the

*Forex* decision in detail, described the crucial distinctions between the manipulation of market

transactions at issue in *Forex* and the LIBOR submissions at issue here, and concluded that the

*Forex* decision, "if anything, supports Judge Buchwald's reasoning."  *See 7 West 57th St.*, 2015

WL 1514539, at *20 n.7.  Solow has not offered any argument whatsoever as to why the Court

erred in distinguishing the *Forex* decision and the foreign exchange market.  Indeed, as the Court

noted, Judge Schofield also distinguished the foreign exchange process from the LIBOR

submission process.  *Forex*, 2015 WL 363894, at *11.

The PSAC contains nothing new of any relevance to the ground on which Solow's prior

complaint was dismissed, and provides the Court with no reason to grant Solow leave to replead

his antitrust claim.  *See 7 West 57th St.*, 2015 WL 1514539, at *19 ("The fact that Defendants

compete in the financial markets, and that LIBOR may be the starting point for much of that

competition, does not demonstrate that the process of setting LIBOR is a competitive exercise.").

As Judge Buchwald wrote in denying leave to amend, "regardless of the creativity they display,

none of plaintiffs' allegations make plausible that there was an arena in which competition

occurred, [and] that defendants' conduct harmed such competition."  *In re LIBOR-Based Fin.*

*Instruments Antitrust Litig.*, 962 F. Supp. 2d 606, 627 (S.D.N.Y. 2013).

## III.   THE PSAC FAILS TO CURE THE FATAL FLAWS IN SOLOW'S RICO CLAIM.

In dismissing the FAC, the Court denied Solow leave to replead his RICO claim because

it was "clear that any amendment ***would be futile***."  *7 West 57th St.,* 2015 WL 1514539, at *30

(emphasis added).  Solow falls well short of the standard needed to justify reconsideration of the

Court's decision because a motion for reconsideration will "generally be denied unless the

moving party can point to controlling decisions or data that the court overlooked—matters, in

other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Solow's arguments come nowhere close to meeting that exacting standard and instead simply confirm the Court's prior conclusion that any amendment would be futile.[7]

### A.      Solow's RICO Claim Is Still Time-Barred.

Solow argues that he should be given an opportunity to replead his RICO claim, notwithstanding the Court's previous ruling that the claim is time-barred, because the Second Circuit's recent summary order in *BPP Illinois LLC v. Royal Bank of Scotland Group PLC*, No. 13-cv-4459, 2015 WL 2215004 (2d Cir. May 13, 2015), constitutes "an intervening change of controlling law." Mot. at 10. This argument is unavailing.

As an initial matter, the *BPP* summary order is not an intervening change in controlling law because summary orders "do not have precedential effect." *See* L.R. App. P. 32.1.1(a).[8] Indeed, courts in this Circuit have held that such nonprecedential orders *cannot* constitute an intervening change in controlling law because they are not "controlling." *King Cnty., Wash. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 317, 323 (S.D.N.Y. 2012); *United States v. Hatfield*, 795 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (summary orders are not "controlling decisions"). For this reason alone, Solow's argument fails.

---

[7]      Notably, L. Civ. R. 6.3 requires a motion for reconsideration to be filed within 14 days of the ruling they wish to challenge. Solow's motion for leave to amend was not filed until two months after the Court's dismissal order.

[8]      Thus, courts in this Circuit can and do decline to follow such non-binding orders. *See, e.g.*, *Yang v. Navigators Grp., Inc.*, 18 F. Supp. 3d 519, 528 (S.D.N.Y. 2014) (summary order was "not binding"); *Intesa Sanpaolo, S.p.A. v. Credit Agricole Corporate & Inv. Bank*, 924 F. Supp. 2d 528, 537 (S.D.N.Y. 2013) (summary order did "not constitute binding precedent"); *Alvarez v. Coca-Cola Refreshments, USA, Inc.*, 914 F. Supp. 2d 256, 257 (E.D.N.Y. 2012) (declining to follow summary order concerning "nearly identical" facts).

In any event, the *BPP* summary order is inapposite.  In *BPP*, the Second Circuit vacated the district court's dismissal of state law claims as time-barred under the applicable Pennsylvania statute of limitations, reasoning that as a matter of Pennsylvania law, it was premature to require the plaintiffs to make a showing of reasonable diligence on a motion to dismiss.  Here, by contrast, Solow seeks to replead a federal RICO claim, which under well-established law in this Circuit may be resolved on the pleadings on statute of limitations grounds.  *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 153 (2d Cir. 2012) (affirming Rule 12 dismissal of RICO claim on inquiry notice grounds); *see also LC Capital Partners, LP v. Frontier Ins. Grp.*, Inc., 318 F.3d 148, 156-157 (2d Cir. 2003) (affirming Rule 12 dismissal of federal securities claim based on inquiry notice); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58-60 (2d Cir. 1998) (same); *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 23 (2d Cir. 1994) (affirming Rule 12 dismissal of federal Commodity Exchange Act claim based on inquiry notice); *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 352 n.3 (2d Cir. 1993) (noting "vast number of cases in this circuit resolving these [constructive notice] issues at the pleading stage").

The *BPP* summary order says nothing about the federal inquiry notice standard that applied to the RICO claim in *Koch*, among others.  Instead, it deals exclusively with Pennsylvania common law and a Pennsylvania-specific discovery rule.  *See BPP*, 2015 WL 2215004, at *1-2 (citing *Crouse v. Cyclops Indus.*, 560 Pa. 394, 404 (2000), and *Schmidt v. Skolas*, 770 F. 3d 241, 251 (3d Cir. 2014) (Pennsylvania law)).  Solow does not even attempt to explain how the *BPP* summary order's discussion of Pennsylvania state law alters decades of published federal law decisions from the Second Circuit.[9]

---

[9]      In addition, the *BPP* Summary Order says nothing about critical factual allegations that supported the Court's dismissal of Solow's RICO claim on statute of limitations grounds.  The (continued…)

**B.     Solow's RICO Claim Is Still Barred By *Res Judicata*.**

Solow's criticism of the Court's dismissal of the RICO claim on *res judicata* grounds similarly does not justify reconsideration of the Court's denial of leave to amend the claim.  Far from identifying "controlling decisions or data that the Court overlooked," Solow advances an incoherent argument that misconstrues the Second Circuit's non-precedential summary order in *BPP* and invokes a formulation of the Rule 12(b)(6) standard of review that has been overtaken by *Twombly* and *Iqbal*.  The PSAC itself contains no new allegations of fact that could alter the Court's previous conclusion that amendment of the RICO claim would be futile.

Solow argues that because *res judicata* is an affirmative defense, *BPP* requires the application of a "stringent standard of review."  Mot. at 11.  Quoting selectively from *World Wrestling Entertainment Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d 484, 508 (S.D.N.Y. 2006), Solow describes that standard as requiring that it must be proved "beyond doubt [that] the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Id.*  As discussed *infra*, that standard is no longer good law, but in any event, Solow does not explain how, even if that were the correct standard, the Court's decision failed to satisfy it.

In fact, *BPP* has nothing to say about the treatment of arguments based on *res judicata* in a motion to dismiss.  As explained above, the Second Circuit's brief, non-precedential summary order relates solely to whether, on the facts of that case, a complaint was properly dismissed by application of the relevant Pennsylvania statute of limitations.  *See BPP*, 2015 WL 2215004, at *1-2.  *BPP* therefore does not alter the well-established rule in this circuit that "[a] court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss" provided the court's

---

*BPP* summary order does not address whether public reports of alleged LIBOR manipulation were sufficient to place the plaintiffs in that case on inquiry notice of their supposed injuries. Nor does it state that any LIBOR-related claims were timely.

inquiry is "limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). Indeed, that rule is confirmed by the case law on which Solow relies. *See World Wrestling*, 425 F. Supp. 2d at 508 n.16 (*res judicata* properly raised on a motion to dismiss where court takes judicial notice of relevant facts in record) (citing *AmBase Corp. v. City Inv. Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003)). Solow does not, and cannot, allege that the Court's decision to dismiss on *res judicata* grounds improperly took account of any materials outside the scope of this rule. *See 7 West 57th St.*, 2015 WL 1514539, at *1 n.1 (in resolving the motions to dismiss, Court "considered documents that are incorporated into the Amended Complaint by reference" and took "judicial notice of public filings in New York state court proceedings").

That *res judicata* is an affirmative defense makes no difference to the applicable standard of review. The standard applicable here is the same as would apply to any other argument for dismissal raised on a Rule 12(b)(6) motion. *See World Wrestling*, 425 F. Supp. 2d at 508 ("Because the Defendants chose to raise the affirmative defense of *res judicata* in a Rule 12(b)(6) motion, Defendants must accept the more stringent standard of review for a motion to dismiss."). *World Wrestling*'s "no set of facts" language, which Solow presents as a higher threshold reserved for affirmative defenses, is nothing more than the formulation of the general Rule 12(b)(6) standard articulated by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 47 (1955). But one year after *World Wrestling* was decided, the Supreme Court revisited *Conley* and determined that to avoid dismissal on a Rule 12(b)(6) motion, a plaintiff must allege sufficient factual content to state a plausible—not just theoretically possible—claim against each named defendant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). *See also Ashcroft*

17

*v. Iqbal*, 556 U.S. 662, 678 (2009).  Quite appropriately, this Court applied the standard set forth by *Twombly* and *Iqbal* in its ruling on the motions to dismiss, and not the *Conley* formulation which those cases replaced.  *See 7 West 57th St.*, 2015 WL 1514539, at *4 ("Legal Standard for Motion to Dismiss," citing *Twombly* and *Iqbal*).

In short, the Court was correct to dismiss the RICO claim as barred by *res judicata* and to deny Solow leave to move to amend the claim.  Nothing in Solow's motion or the PSAC justifies reconsideration of that decision.  But, even if Solow had leave to move, amendment of the RICO claim would be futile for a variety of other reasons described in Defendants' motion to dismiss the FAC, but not reached in the Court's March 31, 2015 decision.  Specifically: (1) 7 West 57th St. lacks standing to assert claims on Solow's behalf; (2) the PSAC seeks an impermissible extraterritorial application of RICO; (3) the PSAC fails to allege a sufficiently direct relationship between the injury asserted and the injurious conduct alleged; and (4) the PSAC fails to adequately allege several elements of a RICO claim, including predicate acts and each defendant's agreement to participate in a conspiracy.  *See* Dkt. No. 115 at 43-58; Dkt. No. 117 at 8-19; Dkt. No. 121 at 2, 5-6; Dkt. No. 122 at 19-26.  If the Court permits Solow to replead the RICO claim, Defendants expect to raise at least these defects as bases for dismissal in a 12(b)(6) motion.

## IV.   SOLOW'S ATTEMPT TO REPLEAD HIS DONNELLY ACT CLAIM IS FUTILE.

There is no good reason for the Court to exercise supplemental jurisdiction over Solow's Donnelly Act claim, which fails on the merits in any case.  *See* Dkt. No. 115 at 24 n.30.  A court may decline to exercise supplemental jurisdiction over state claims if no federal claims remain.  28 U.S.C. § 1367(c)(3).  *See, e.g.*, *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006).  As demonstrated above, the PSAC fails to state a claim under federal law.  The Court should exercise its discretion to deny supplemental jurisdiction, as it did when ruling on the motion to

dismiss.[10]

## CONCLUSION

For the foregoing reasons, Solow's motion for leave to amend and file the Proposed

Second Amended Complaint should be denied.


Respectfully submitted,


Dated:  July 15, 2015


\* *s/* Robert F. Wise, Jr.                                  \* *s/* Daryl A. Libow
Robert F. Wise, Jr.                                    Daryl A. Libow
Arthur J. Burke                                          Christopher M. Viapiano
Paul S. Mishkin                                         SULLIVAN & CROMWELL LLP
DAVIS POLK & WARDWELL LLP      1700 New York Ave, N.W., Suite 700
450 Lexington Avenue                             Washington, D.C.  20006
New York, New York  10017                   Telephone: (202) 956-7500
Telephone: (212) 450-4000                     Fax: (202) 956-6973
Fax: (212) 450-4800                               libowd@sullcrom.com
robert.wise@davispolk.com                     viapianoc@sullcrom.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com                   *Attorneys for Defendant The Bank of Tokyo-*
                                                             *Mitsubishi UFJ, Ltd.*
*Attorneys for Defendants Bank of America*
*Corporation and Bank of America, N.A.*


\* Consent for Signature Obtained

---

[10]      The Donnelly Act claim is, in any event, barred by *res judicata* for the reasons stated in Defendants' memorandum of law in support of Defendants' motion to dismiss based on preclusion and lack of standing.  Dkt. No. 117 at 8-18.

* *s/* Jeffrey T. Scott
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*Attorneys for Defendant Barclays Bank plc*


**s/* David R. Gelfand
David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY & McCLOY LLP
28 Liberty Street
New York, New York  10005
Telephone: (212) 530-5000
dgelfand@milbank.com
smurphy@milbank.com

*Attorneys for Defendant Coöperatieve
Centrale Raiffeisen-Boerenleenbank B.A.*

* Consent for Signature Obtained

*s/* Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Telephone: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
One CityCenter
850 Tenth Street
Washington, D.C.  20001
Telephone: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants Citibank, N.A. and
Citigroup Inc.*

* _s/_ Herbert S. Washer
Herbert S. Washer
Elai Katz
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
Telephone: (212) 701-3000
hwasher@cahill.com
ekatz@cahill.com
jkurtzberg@cahill.com

_Attorneys for Defendant Credit Suisse Group AG_


* _s/_ Ed DeYoung
Ed DeYoung
Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
edeyoung@lockelord.com
rcowie@lockelord.com

Gregory T. Casamento
3 World Financial Center
New York, New York  10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
gcasamento@lockelord.com

_Attorneys for Defendants HSBC Holdings plc and
HSBC Bank plc_


* Consent for Signature Obtained

* _s/_ Moses Silverman
Moses Silverman
Andrew C. Finch
Ankush Khardori
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
Telephone: (212) 492-0355
msilverman@paulweiss.com
afinch@paulweiss.com
akhardori@paulweiss.com

_Attorneys for Defendant Deutsche Bank AG_


* _s/_ Thomas C. Rice
Thomas C. Rice
Paul C. Gluckow
Omari L. Mason
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stb.com
omason@stblaw.com

_Attorneys for Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A._

\* *s/* Marc J. Gottridge
Marc J. Gottridge
Lisa J. Fried
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York  10022
Telephone: (212) 918-3000
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com

*Attorneys for Defendants Lloyds Banking Group plc and HBOS plc*

\* *s/* Christopher M. Paparella
Christopher M. Paparella
Ethan E. Litwin
Morgan J. Feder
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
Chris.Paparella@hugheshubbard.com
Ethan.Litwin@hugheshubbard.com
Morgan.Feder@hugheshubbard.com

*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche Immobilienbank AG*

\* *s/* Andrew W. Stern
Alan M. Unger
Andrew W. Stern
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com
ncrowell@sidley.com

*Attorneys for Defendant The Norinchukin Bank*

\* *s/* Peter Sullivan
Peter Sullivan
Lawrence J. Zweifach
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166-0193
Telephone: (212) 351-4000
psullivan@gibsondunn.com
lzweifach@gibsondunn.com

Joel S. Sanders
555 Mission Street
Suite 3000
San Francisco, California 94105-0921
jsanders@gibsondunn.com

*Attorneys for Defendant UBS AG*

\* Consent for Signature Obtained

22

\* *s/* Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Alan E. Schoenfeld
WILMER CUTLER PICKERING
    HALE AND DORR LLP
250 Greenwich Street,
New York, New York  10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Robert G. Houck
Alejandra de Urioste
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York  10019
Telephone: (212) 878-8000
Fax: (212) 878-8375
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com

*Attorneys for Defendant The Royal Bank of
Scotland Group plc*

\* Consent for Signature Obtained

\* *s/* Arthur W. Hahn
Arthur W. Hahn
Christian T. Kemnitz
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois  60661
Telephone: (312) 902-5200
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com

*Attorneys for Defendant Royal Bank of Canada*

23